[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REOPEN AND MODIFY DATED AUGUST 2, 2000 (#113) DEFENDANT'S MOTION FOR CONTEMPT DATED JANUARY 10, 2001 (#124)
The above motions were heard by the court on May 21, 2001 at which time the parties appeared through counsel and offered testimony and introduced documentary evidence. The court, having reviewed the testimony, the exhibits and post hearing briefs of counsel makes the following findings of fact and enters orders accordingly.
This case was commenced in the Middlesex Judicial District and remained there until it was transferred, by stipulation, to the Hartford Judicial District on February 6, 2001.
The parties marriage was dissolved on March 24, 1994. The relevant provision of the courts' orders concerned alimony. The plaintiff was ordered to pay the defendant $1,200.00 per week periodic alimony for a term of 15 years. The amount was subject to modification but the term was not. At the time of dissolution the plaintiff's gross weekly income was $2,635.00 according to his financial affidavit and he was a Vice President of Aetna Life Casualty in Middletown. The defendant's financial affidavit reported her gross weekly income to be $150.00 as an Associate Realtor.
The defendant has continued selling real estate. The plaintiff left Aetna and eventually headed the national accounts for Empire Blue Shield (NY). He left Empire in September of 1999 and received a severance package including full salary for six months. He continued to pay the defendant the alimony order even when his severance package ended. He collected unemployment benefits and continued to receive his Aetna pension as did his former wife as a result of a qualified domestic relations order. In November of 2000 he purchased a franchise cleaning business in the southern part of the State. He does not expect the business to be profitable until the end of this year.
By motion dated August 2, 2000 the plaintiff sought to reopen the CT Page 13468-cp dissolution judgment and modify the alimony order based upon a substantial change in circumstances. On September 11, 2000 the court (Quinn, J.) granted the plaintiff's motion and reduced the alimony to $1.00 per year retroactive to August 21, 2000. On November 20, 2000 the court (Parker, J.) granted the defendants' motion to vacate the September 11, 2000 order. The parties counsel are in substantial disagreement over the circumstances surrounding the September 11, 2000 order. The defendant was not present nor was counsel present. On January 10, 2001 the defendant filed a motion for contempt. In the stipulation to transfer to Hartford the parties also agreed that the plaintiff could reclaim his motion to modify. The plaintiff stopped his alimony payments on August 16, 2000.
For calendar year 2000 the plaintiff received $52,192.00 in salary and $27,350.00 pension receipts as well as $9,650.00 in unemployment benefits. His financial affidavit dated April 18, 2001 claims a weekly income of $571.00. For calendar year 2000 the defendant received $70,000.00 in commissions and $15,496.00 in pension benefits. Her financial affidavit dated April 18, 2001 claims a gross weekly income of $641.00 from employment.
Had the defendant appeared at the September 11, 2000 hearing on the plaintiff's motion to modify and offered the evidence that was submitted during the present hearing, the court believes the plaintiff would have met his burden of a substantial change in circumstances. Accordingly, the alimony is reduced to $1.00 per year for the period August 2, 2000 to November 30, 2000. However, for the period December 1, 2000 to December 1, 2001 alimony shall be increased to $600.00 per week. The basis for the increase is in part due to the decision of the plaintiff to buy a business instead of continuing his job search, his substantial living expenses and assets. In addition, the alimony of $1,2000.00 per week will be reinstated as of December 1, 2001.
The court makes no finding of contempt. Orders shall enter accordingly.
John R. Caruso